UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:   VENITIA DAWN MORENO,                                No. 22-10886-j13

Debtor.

**<u>MEMORANDUM OPINION</u>**

The Chapter 13 Trustee ("Trustee") objects to confirmation of Debtor's chapter 13 plan

on the ground that the plan fails to satisfy the projected disposable income requirement of  11

U.S.C. § 1325(b)(1)(B).[1] More specifically, the Trustee objects that Debtor, whose current

monthly income is above the median income for a family of the same size, is not entitled to

deduct the entire amount of the Internal Revenue Service ("IRS") Local Standard for Housing

and Utilities[2] in computing disposable income because she is not obligated on a home mortgage,

and her fiancé pays the entire mortgage expense for the home where they jointly reside (the

"Threshold Legal Issue").[3] Debtor asserts that she is entitled to deduct the entire amount of the

IRS Local Standard for Housing and Utilities.

At a status conference on plan confirmation held July 18, 2023, the parties asked the

Court to decide the Threshold Legal Issue on stipulated facts. With the consent of the parties, the

Court entered an order directing Debtor and the Trustee to file stipulated facts and simultaneous

briefs on the Threshold Legal Issue. Debtor and the Trustee subsequently filed a Statement of

---

[1] All future statutory references in this Memorandum Opinion are to title 11 of the United States Code,
unless otherwise specified. Title 11 of the United States Code is referred to as the "Bankruptcy Code" or
simply the "Code." All cited websites were last visited on December 4, 2023.
[2] The IRS Local Standard for Housing and Utilities is sometimes referred to as the "Housing and Utilities
Standard."
[3] The Trustee argues, in the alternative, that if the Court rules that Debtor is entitled to the entire IRS
Local Standard for Housing and Utilities deduction, the amount of the fiancé's mortgage payment should
be included in Debtor's current monthly income and her fiancé should be included in her household size.

Stipulated Facts ("Stipulated Facts" – Doc. 39) and simultaneous briefs (Docs. 36 and 38) relating to the Threshold Legal Issue.

The Court has considered the parties' positions in light of the Stipulated Facts and applicable law. The Court concludes that Debtor may deduct the entire amount the IRS has specified for the Local Standard for Housing and Utilities in the applicable locality in computing disposable income even though she has no liability for a home mortgage, she does not pay any home mortgage expenses, and the only expenses she pays in the Housing and Utilities category are for cell phone service and seasonal fuel costs.

## STIPULATED FACTS[4]

Debtor and the Trustee have stipulated to the following facts only for purposes of the Court deciding the Threshold Legal Issue:

1. Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on October 31, 2023.

2. On the same date, Debtor filed her Schedules, Statement of Financial Affairs, Forms 122C-1 and 122C-2, and Chapter 13 plan.

3. Debtor's household size is two, consisting of Debtor and her 26-year-old daughter.

4. Debtor has been engaged to her fiancé for five years and they have lived together for ten years. No date is set for the wedding.

5. Debtor's fiancé is not included as a member of Debtor's household for purposes of the bankruptcy.

---

[4] The entirety of the Statement of Stipulated Facts (Doc. 39) is incorporated herein by reference. The Court re-states in this Memorandum Opinion those the facts contained in the Statement of Stipulated Facts necessary to resolve the Threshold Legal Issue.

6.  Debtor's fiancé's income was not included in Debtor's original Form 122C-1,

    Schedule I, or

amended Form 122C-1.

7.  Debtor's average monthly income for the six-month period prior to the filing of the

voluntary petition was $8,802.07.

8.  Debtor's current monthly income for the year equates to $105,624.84.

9.  The median family income for a two-person household is $60,728.00.

10. Debtor is an above-median-income debtor.

11. Debtor's fiancé pays the mortgage, which is escrowed for both taxes and insurance, in

the monthly amount of $1,300.00.

12. Debtor's fiancé pays all utilities, including electricity, gas, propane, water and sewer

averaging $300.00 monthly. Debtor does not contribute to these expenses.

13. Debtor pays the monthly household cellular telephone expenses in the average

amount of $450.00. The cellphone expense includes cellphones and Apple Watches for Debtor,

her daughter, and her fiancé.

14. In the winter months, Debtor pays for pellets used in a pellet stove that Debtor and

her fiancé use to decrease gas and propane utilities costs. The pellet fuel costs $280.00 to

$300.00 per month, which averages to approximately $25.00 per month over the year. Debtor's

fiancé does not contribute to that expense.

15. The Local Housing and Utilities Standard for a two-person household in Bernalillo

County, New Mexico, for cases filed between May 15, 2022, and October 31, 2022 was

$1,804.00.

16. The Housing and Utilities Standard covers mortgage or rent, property taxes, interest,

insurance, maintenance, repairs, gas, electric, water, heating oil, garbage collection, telephone (landline), cell phone, internet, and cable.

17. The amount of the Local Standard for Housing and Utilities, as used in Form 122C-2, is $599.00 for non-mortgage expenses (line 8) and $1,205.00 for mortgage/rent expenses (line 9).

18. Debtor's Form 122C-2 includes a deduction for housing and utilities expenses (lines 8 and 9).

19. Debtor's amended Form 122C-2 likewise includes a deduction for both housing and utilities expenses (lines 8 and 9).

20. Debtor's projected disposable income on line 45 of Amended Form 122C-2 is negative $236.77.

21. Debtor's sixty (60) month chapter 13 plan proposes to pay $0.00 to non-priority unsecured creditors.

22. If Debtor's mortgage/rent and utility standard deductions were removed from Amended Form 122C-2, Debtor's projected disposable income on line 45 would be $1,567.23, which would result in $94,033.80 to be paid to non-priority unsecured creditors (93% of the amount owed to non-priority unsecured creditors).

*Jurisdiction, standing, and venue*

The Court has jurisdiction to hear and determine the Trustee's objection to confirmation of Debtor's chapter 13 plan pursuant to 28 U.S.C. §§ 1334 and 157(a) and the order of reference contained in the Administrative Order entered by the United States District Court for the District of New Mexico in Misc. No. 84-0324. This matter, which involves confirmation of a chapter 13

-4-

plan, is a core proceeding under 28 U.S.C.§ 157(b)(2)(L). Venue is proper pursuant to 28 U.S.C. § 1409.

There is no doubt that Debtor has standing. The Trustee has statutory standing under § 1302(b)(2)(B) (which requires that the trustee appear and be heard at any hearing that concerns confirmation of a plan) and § 1325(b)(1)(B) (which requires a plan to provide for payment of projected disposable income to unsecured creditors if the trustee or holder of an allowed unsecured claim objects to plan confirmation).

The parties must also have Article III standing.[5] The Trustee, as representative of the bankruptcy estate, is charged with representing the interests of all creditors as a whole, including the interests of unsecured creditors.[6] The Trustee has Article III standing, acting in her representative capacity, to ensure that confirmation of the plan meets the requirements of the Bankruptcy Code with respect to its treatment of the claims of non-priority unsecured creditors.[7]

DISCUSSION

The Court will discuss, in this order: (i) the formula under the Bankruptcy Code for determining disposable income; (ii) why the IRS adopted National and Local Standards, how the IRS applies the Local Standard for Housing and Utilities, and the IRS's refusal to adapt its standards for bankruptcy purposes; (iii) the incorporation of the Local Standard for Housing and Utilities in Official Form 122C-2 ("Form 122C-2"); (iv) whether the Local Standard for Housing and Utilities is "applicable" if the debtor has no mortgage or rent expense but has at least one

---

[5] *See In re Pettine,* ___ B.R.___, BAP No. 23-013, 2023 WL 7648619, at *8 (10th Cir. BAP Nov. 15, 2023) (holding that parties must have Article III standing before the bankruptcy court).
[6] *In re Cumbess,* 960 F.3d 1325, 1331 (11th Cir. 2020)*; In re Liles,* 292 B.R. 138, 139 (Bankr. E.D. Tex. 2002).
[7] The Trustee's Article III standing is similar to the Article III standing of an Official Committee of Unsecured Creditors in a chapter 11 case, acting in a representative capacity, to protect the interests of unsecured creditors as a whole.

-5-

expense within the Local Standard for Housing and Utilities; and (v) whether the division of the Local Standard for Housing and Utilities into two categories is consistent with the requirements of the Bankruptcy Code. Ultimately, the Court agrees with the holding and careful analysis in *In re Currie,* 537 B.R. 884 (Bankr. C.D. Ill. 2015), which held that a debtor is entitled to deduct the full IRS Local Standard for Housing and Utilities in calculating disposable income where the debtor did not have any mortgage indebtedness and the debtor's only housing expenses were for insurance, maintenance, and utilities associated with a home.

*The statutory formula for determining disposable income*

If the chapter 13 trustee or the holder of an allowed unsecured claim objects to confirmation of a debtor's chapter 13 plan, the court may not approve the plan unless "the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the plan." § 1325(b)(1)(B).[8] Section 1325(b)(2) defines "disposable income"[9] as the debtor's "current monthly income"[10] less "amounts reasonably necessary to be expended" for the maintenance or support of the debtor and the debtor's dependents. § 1325(b)(2). For debtors whose current monthly income is above the median income for a family of the same size, amounts reasonably necessary to be expended for the maintenance or support of the debtor and the debtor's dependents (i.e., the debtors' deductible expenses) are to be determined in accordance with § 707(b)(2)(A) and (B).[11] The parties have stipulated for purposes of resolving the Threshold

---

[8] *See In re Currie*, 537 B.R. 884, 887 (Bankr. C.D. Ill. 2015) ("Generally, if an objection has been filed, a Chapter 13 plan must provide for contribution of all of a debtor's projected disposable income for the applicable commitment period to the payment of unsecured creditors.").

[9] "*Projected* disposable income" is not defined in the Code. *Hamilton v. Lanning*, 560 U.S. 505, 509, 510 (2010).

[10] "Current monthly income" is defined in § 101(10A).

[11] § 1325(b)(3).

Legal Issue that Debtor's current monthly income is above the median income for the size of Debtor's family.

The income side of the calculation of Debtor's current monthly income is not part of the Threshold Legal Issue addressed in this opinion. Debtor's expenses to be deducted from her currently monthly income in calculating disposable income requires use of the IRS National and Local Standards.[12]

*The IRS National and Local Standards, including a discussion of the Local Standard for Housing and Utilities*

The IRS has established National and Local Standards as part of its Collection Financial Standards to provide a basis for analyzing "a taxpayer's ability to pay delinquent tax liabilities, which enables [IRS] Collection employees to make appropriate collection decisions to resolve cases." Internal Revenue Manual ("IRM"),[13] § 5.15.1.1(1) (updated 08-29-2018).[14] The IRS policy for use of National and Local Standards is that "[t]axpayers will normally be allowed the

---

[12] *See In re Lanning*, 545 F.3d 1269, 1272 n.2 (10th Cir. 2008) ("Section 1325(b)(3) . . . provide[s] that expenses for above-median debtors must be calculated in accordance with 11 U.S.C. § 707(b)(2)(A) & (B) . . . . [and] requires the use of National and Local IRS Standards in determining expenses and deductions . . . ."), *aff'd sub nom. Hamilton v. Lanning*, 560 U.S. 505 (2010); *Currie*, 537 B.R. at 893 ("The plain language of the Code requires over-the-median income debtors to calculate disposable income through the use of the IRS National and Local Standards for certain expenses rather than by using actual expenses."); *In re Farrar-Johnson*, 353 B.R. 224, 231 (Bankr. N.D. Ill. 2006) ("Section 707(b)(2)(A)(ii)(I) . . . deems the debtor's expenses to be the 'amounts specified' in the [IRS] Local Standards."); *In re Hardacre*, 338 B.R. 718, 723 (Bankr. N.D. Tex. 2006) ("In arriving at projected disposable income for a debtor above the applicable median family income benchmark, section 707(b)(2)(A)(ii)(I) permits the debtor to deduct certain standard expense allowances that have been developed by the Internal Revenue Service.").

[13] The IRM is the official compilation of IRS policies, procedures, and guidelines. IRM, § 1.11.6.2(1) (updated 03-23-2022), https://www.irs.gov/irm/part1/irm_01-011-006. The IRM ensures IRS employees have the approved guidelines, policies, and authorities they need to carry out their responsibilities in administering tax laws and other agency obligations. IRM, § 1.11.6.2(2) (updated 03-23-2022), https://www.irs.gov/irm/part1/irm_01-011-006. Taxpayers do not have the right to enforce the IRS's use and application of its National and Local Standards. The IRM does not grant taxpayers any rights because it does not have force and effect of law. *Armstrong v. Comm'r*, 15 F.3d 970, 975 (10th Cir. 1994).

[14] https://www.irs.gov/irm/part5/irm_05-015-001.

local standard or the amount actually paid monthly, whichever is less." IRM, § 5.15.1.8(5) (updated 07-24-2019).[15] But if it is determined that a standard amount is inadequate to provide for a specific taxpayer's basic living expenses, an IRS agent is directed to allow a deviation above the National and Local Standards. IRM, § 5.15.1.8(6) (updated 07-24-2019).[16] The IRS also allows Other Necessary Expenses and Other Conditional Expenses. IRM, § 5.15.1.8(1) (updated 07-24-2019).[17] Other Conditional Expenses are expenses that are not Other Necessary Expenses but may be allowable based on the circumstances of an individual case. *Id.*

The IRS Local Standards include a Standard for Housing and Utilities based on information from the U.S. Census Bureau, American Community Survey, and Bureau of Labor Statistics data, particularized by county and the size of the family involved. IRM, § 5.15.1.10(1) (updated 11-22-2021).[18]

The IRS defines "Housing and Utilities" as follows:

(1) Housing expenses include: mortgage (including interest) or rent, property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees.
(2) The utilities include gas, electricity, water, heating oil, bottled gas, trash and garbage collection, wood and other fuels, septic cleaning, cable television, internet services, telephone and cell phone.

IRM, §§ 5.15.1.10(1), (2) (updated 11-22-2021).[19]

The IRS has specified a single dollar amount for its Local Standard for Housing and Utilities, based on family size, for each State in the United States broken down by county,

---

[15] *Id.*.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*

-8-

without breaking down the amount into the "Housing" and "Utilities" components of the Housing and Utilities Standard.[20]

An uncodified portion of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") provides that "[i]t is the sense of Congress that the Secretary of the Treasury has the authority to alter the Internal Revenue Service standards established to set guidelines for repayment plans as needed to accommodate their use under section 707(b) of title 11, United States Code." Pub. L. No. 109-8, § 103, 119 Stat. 35 (2005). Although not entirely clear, it appears this provision means that the IRS may issue National and Local Standards adjusted for use under the Bankruptcy Code. The IRS is a bureau under the U.S. Department of the Treasury of which the Secretary of the Treasury is its head.

Notwithstanding § 1325(b)(3) which, when read in conjunction with § 707(b)(2), makes the IRS National and Local Standards applicable in chapter 7 and chapter 13 bankruptcy cases, and the "sense of Congress" that the Secretary of the Treasury has the authority to adjust the IRS National and Local Standards to accommodate their use in bankruptcy cases, the IRS has disclaimed any responsibility for use of its National and Local Standards in bankruptcy cases or for making bankruptcy adjustments to its National and Local Standards. An IRS website includes this disclaimer:

> **Disclaimer:** *IRS Collection Financial Standards are intended for use in calculating repayment of delinquent taxes. These Standards are effective on April 24, 2023, for purposes of federal tax administration only. Expense information for*

---

[20] *See* the IRS table for "Allowable Living Expenses Housing Standards" (which are the same as the IRS Local Standard for Housing and Utilities) for different localities that can be found by downloading and opening a .pdf chart at this website: https://www.irs.gov/businesses/small-businesses-self-employed/local-standards-housing-and-utilities. The table specifies a single dollar amount by locality and family size. *See also Currie*, 537 B.R. at 889 (the IRS Local Housing and Utilities Standard consists of "a single amount that is inclusive of all housing expenses and dependent only upon a debtor's county of residence and household size.").

-9-

*use in bankruptcy calculations can be found on the website for the U.S. Trustee Programs.*[21]

True to the disclaimer, the Secretary of the Treasury has not adjusted the IRS Standards to accommodate their use under § 707(b).[22]

> *Use of the IRS National and Local Standards in calculating allowable deductions from current monthly income to determine disposable income*

For an above-median-income debtor, the Bankruptcy Code requires use of the IRS National and Local Standards in the calculation of the debtor's monthly expenses in computing disposable income. § 707(b)(2)(A)(ii)(I).

Section 707(b)(2)(A)(ii)(I), which references the IRS National Standards and Local Standards, provides in part,

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent . . . . Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts.

The parties agree that Debtor is an above-median-income debtor which subjects her to the requirements of § 707(b)(2)(A) and (B), including § 707(b)(2)(A)(ii)(I). The Bankruptcy Code does not incorporate any part of the IRM or make any of its provisions applicable in bankruptcy cases, other than requiring use of the monthly expense amounts specified by the IRS under applicable IRS National and Local Standards and allowing a deduction from the debtor's actual monthly expenses for the category specified as Other Necessary Expenses by the IRS, in computing disposable income. § 707(b)(2)(A)(ii)(I). Neither

---

[21] https://www.irs.gov/businesses/small-businesses-self-employed/collection-financial-standards.
[22] *See* the IRS table for "Allowable Living Expenses Housing Standards" at footnote 20. *See also In re Currie*, 537 B.R. at 889.

-10-

§ 1325(b)(3), § 707(b), nor any other provision of the Bankruptcy Code, authorizes

courts, the Committee on Rules of Practice and Procedure of the Judicial Conference of

the United States ("Rules Committee"), or the United States Trustee ("UST") to alter the

IRS National or Local Standards to accommodate their use in bankruptcy cases or to

specify any amounts under the National Standards and Local Standards that are different

from the amounts issued by the IRS.

*Form 122C-2's application of the IRS Local Standard for Housing and Utilities*

The Rules Committee adopted Forms 122C-1 and 122C-2 as Official Forms for use in

calculating disposable income in chapter 13 cases. Under Bankruptcy Rules 1001 and 9009, use

of Forms 122C-1 and 122C-2 is mandatory in chapter 13 cases by above-median-income debtors,

without alteration, except for minor changes not affecting wording or the order of presenting

information. Fed.R.Bankr.P. 9009 ("The Official Forms . . . shall be used without alteration,

except as otherwise provided in these rules[.]").

That the UST, not the IRS, divided the IRS Local Standard for Housing and Utilities into

two categories using information the IRS provided to the UST is apparent from the face of Form

122C-2 itself and from the Rules Committee Notes accompanying Form 122C-2.

Part 1 of Form 122C-2 includes a section for deducting the applicable amount of the IRS

National and Local Standards from current monthly income. That section of Form 122C-2

includes the following relating to the IRS Local Standard for Housing and Utilities:

> **Based on information from the IRS, the U.S. Trustee Program has divided**
> **the IRS local standard for housing for bankruptcy purposes into two parts:**
>
> ▪ Housing and Utilities – Insurance and Operating Expenses
> ▪ Housing and Utilities – Mortgage or Rent Expenses
>
> To answer the questions in lines 8-9 [which call for inserting the applicable
> amounts of "Insurance and Operating Expenses" and "Mortgage or Rent
> Expenses"], use the U.S. Trustee Program chart.

-11-

Form 122C-2 (emphasis added).

The two separate categories of "Insurance and Operating Expenses" and "Mortgage or Rent Expenses" allow a debtor to separately claim deductions for "Insurance and Operating Expenses" and "Mortgage or Rent Expenses" in the amounts specified in the UST Program chart for each of those categories under the umbrella of the IRS Local Standard for Housing and Utilities.

A Committee Note to Form 122C-2 acknowledges that the IRS provided the information to the UST to enable the UST to divide the IRS Local Standard for Housing and Utilities standard into the two categories:

> The Local Standards for housing and utilities, as published by the IRS for its internal purposes, publish single amounts covering all housing expenses; however, for bankruptcy purposes, the IRS has provided the Executive Office for the United States Trustee with information allowing a division of these amounts into a non-mortgage component and a mortgage/rent component.

Official Form 122 (Committee Note), 2005-2008 Committee Note, https://www.uscourts.gov/forms/bankruptcy-forms/chapter-13-calculation-your-disposable-income, (PDF, 242.87 KB).

Form 122C-2 also recognizes that a debtor may claim that the UST's division of the Local Standard for Housing and Utilities is incorrect. *See* Form 122C-2, Line 10. Line 10 of Form 122C-2 provides:

> If you claim that the U.S. Trustee Program's division of the IRS Local Standard for housing is incorrect and affects the calculation of your monthly expenses, fill in any additional amount you claim.
>
> Explain why: _____

Form 122C-2, line 10. Thus Form 122C-2 allows a debtor to claim the full amount of the Local Standard for Housing and Utilities irrespective of the UST's division of the

-12-

Standard into two components if the debtor claims the UST's division of the Standard is incorrect and it affects the calculation of the debtor's monthly expenses.

By providing information to the UST so that the UST could publish separate deductible amounts for a non-mortgage component and a mortgage/rent component of the Housing and Utilities Standard, the IRS did not itself adopt that division. The IRM, which is the official compilation of IRS policies, procedures, and guidelines,[23] does not separate the Local Standard for Housing and Utilities into mortgage/rent expenses and non-mortgage expenses. Instead, it separately defines "Housing" and "Utilities" without breaking down the dollar amount of the Housing and Utilities Standard between those components.[24] Further, the IRS definitions of "Housing" and "Utilities" do not correspond with "Mortgage or Rent Expenses" and "Insurance and Operating Expenses" categories on Form 122C-2.[25] Consistent with the disclaimer on the IRS website, the IRS has continued to decline to post separate categories for mortgage/rent expenses and non-mortgage expenses on its website.

*Whether Housing and Utilities Standard is an "applicable"*
*Standard if the debtor has no mortgage or rent expense*

Debtor contends that because she has an expense that falls within the category of Housing and Utilities under the IRS Local Standards, she is entitled to deduct the entire amount of the IRS Local Standard for Housing and Utilities. The Trustee points out that if Debtor is allowed a deduction for the entire IRS Local Standard for Housing and Utilities Standard, her monthly disposable income would be a negative $236.77; whereas, if no such deduction is allowed, her monthly disposable income would be a positive $1,567.23, which would be sufficient to pay

---

[23] IRM, § 1.11.6.2(1) (updated 03-23-2022), https://www.irs.gov/irm/part1/irm_01-011-006.
[24] *See* IRM, §§ 5.15.1.10.1(1), (2) (updated 11-22-2021), https://www.irs.gov/irm/part5/irm_05-015-001 and IRS table for "Allowable Living Expenses Housing Standards" referenced at footnote 20 above.
[25] *Compare* IRM, §§ 5.15.1.10(1), (2) (updated 11-22-2021), https://www.irs.gov/irm/part5/irm_05-015-001 with lines 8 and 9 on Form 122C-2.

-13-

non-priority unsecured creditors almost 100%. The Trustee reasons that the IRS Local Standard for Housing and Utilities is not applicable to Debtor because Debtor does not have a mortgage or rent expense, given the purpose of BAPCPA "to help ensure that debtors who *can* pay creditors *do* pay them." *Ransom v. FIA Card Services, N.A.,* 562 U.S. 61, 64 (2011) (citing H.R.Rep. No. 109-31, pt.1, p. 2 (2005)).

The Trustee also suggests that Debtor might be allowed to include her cellular telephone expense on Line 46 of Form 122C-2, as a "special circumstance." Line 46 of Form 122C-2 is titled "Change in Income or Expenses." The Court does not understand how Debtor's existing cellular telephone expense could appropriately be claimed on Line 46 of Form 122C-2. The Trustee may have intended to refer to Line 43 of Form 122C-2 titled "Deduction for Special Circumstances." However, it is clear that the special circumstances deduction, which is designed to implement § 707(b)(2)(B), is inapplicable to claiming expenses for cell phone service and seasonal fuel costs. The Trustee does not argue that Debtor should be required to comply with Form 122C-2 by deducting her cell phone and home fuel expenses only in the "Housing and Utilities – Insurance and Operating Expenses" category on line 8 of Form 122C-2.

Both Debtor and the Trustee rely on the Supreme Court's decision in *Ransom v. FIA Card Services, N.A.,* 562 U.S.61 (2011), which involved vehicle-related expenses. Unlike the IRS Local Standard for Housing and Utilities, the IRS divided its Local Transportation Standard into two categories, one called "Ownership Costs" and the other called "Operating Costs,"[26] and specified separate amounts for each category. In *Ransom*, because the debtor owned his car outright, he did not make car loan or lease payments. *Ransom*, 562 U.S. at 64. Consequently, he did not have any expenses in the Ownership Costs category of the IRS Local Transportation

---

[26] Form 122C-2 identifies the categories as "Vehicle operation expense" and "Vehicle ownership or lease expense."

-14-

Standard. Nevertheless, the debtor claimed deductions from current monthly income in the full amounts the IRS specified for both the "Ownership Costs" and "Operating Costs" categories of the Standard. *Id.* at 67. The Supreme Court determined that a debtor who owned his car outright may not take a deduction for Ownership Costs but was entitled to take a deduction for Operating Costs when calculating projected disposable income. *Ransom*, 562 U.S. at 64, 72.

In interpreting § 707(b)(2)(A)(ii)(I), the Supreme Court focused on the word "applicable." *Id.* at 69. Based on the ordinary meaning of the term, the Supreme Court found that "an expense amount is 'applicable' within the plain meaning of the statute, when it is appropriate, relevant, suitable, or fit." *Id.* The Supreme Court reasoned that a debtor must "actually incur[ ] an expense in the relevant category" to qualify for the deduction in that category such that "[i]f a debtor will not have a particular kind of expense during his plan, an allowance to cover that cost is not 'reasonably necessary' within the meaning of the statute." *Id.* at 70-71. Because the debtor in *Ransom* did not have any expenses within the Ownership Costs category of the Transportation Standard, that category was not "applicable" to the debtor. *Id.* at 80. Thus, the debtor could not deduct the IRS Standard Ownership Costs amount because he did not have any expense in that category. *Id.*

Here, Debtor does not have a mortgage expense. The Trustee reasons that such expense therefore is not "applicable" to the Debtor so that she cannot claim a deduction under the Housing and Utilities Standard, which includes a mortgage expense. Debtor does have cell phone and fuel expenses, which the IRS includes in the Housing and Utilities Standard in its definition of "Utilities." The problem with the Trustee's argument is that, unlike the IRS Standard for Transportation (at issue in *Ransom*), which divides the Transportation Standard into two categories: "Ownership Costs" and "Operating Costs," and specifies separate amounts for each

-15-

category, the IRS did not separate the Local Standard for Housing and Utilities into two categories. The IRS separately defines "Housing" expenses and "Utilities" expenses but only specifies a single amount for the entire Local Standard for Housing and Utilities. Because the IRS Local Standard for Housing and Utilities is a singular amount and Debtor has expenses covered by the Housing and Utilities Standard, the Standard is applicable to Debtor.[27]

*Whether the division of the IRS Local Standard for Housing and Utilities into two categories impermissibly modifies the Bankruptcy Code*

Having determined that the IRS Local Standard for Housing and Utilities is "applicable" to the Debtor, the Court ultimately must determine whether the categories specified in Form 122C-2 limit a debtor's ability to claim the entire Housing and Utilities Standard amount. The Trustee does not address this issue, instead relying entirely on her position that the IRS Local Standard for Housing and Utilities is not applicable to Debtor at all because she does not have a mortgage expense. The Court has rejected that argument.

On Form 122C-2, Debtor claimed $1,205.00 in the "Mortgage or Rent Expenses" category, and $599.00 per month in the "Insurance and Operating Expenses" category, for a combined total of $1,804.00, which is the amount specified in the IRS Local Standard for Housing and Utilities for a household of two in Bernalillo County, New Mexico. Debtor contends that she is entitled to the entire $1,804.00 per month deduction even though she has no expense in the "Mortgage or Rent Expenses" category because she has some expenses that fall within the IRS Local Standard Housing and Utilities category.[28] Debtor argues that the division

---

[27] It is unnecessary for a debtor to have *all* the expenses within a particular category in order to claim the deduction. It is only when a category consists of only one expense that the deduction will not be "applicable" unless the debtor actually incurs the expense. *See Ransom*, 562 U.S. at 70 (explaining that "a deduction is so appropriate only if the debtor has costs corresponding to the category covered by the table—that is, only if the debtor will incur that kind of expense during the life of the plan.").

[28] By claiming an expense in the "Mortgage or Rent Expenses" category, Debtor recognized the UST's division of the IRS Local Standard for Housing and Utilities into two categories and claimed an expense

of the IRS Local Housing and Utilities Standard into two categories in Form 122C-2 conflicts with the Bankruptcy Code and is, therefore, unenforceable.[29]

The Court first notes that its ruling does not affect the validity of Form 122C-2.[30] Line 10 of Form 122C-2, quoted above, allows a debtor who does not have a mortgage or rent expense but pays other expenses within the IRS Local Standard for Housing and Utilities to claim the entire amount of the Housing and Utilities Standard if the debtor asserts that the UST's division of the Housing and Utilities Standard is incorrect and it affects the calculation of monthly expenses. Form 122C-2 thereby enables a debtor who does not have a mortgage or rent expense to claim the full amount of the IRS Local Standard for Housing and Utilities specified by the IRS irrespective of the UST's division of the Housing and Utilities Standard into two categories, without altering Form 122C-2 in violation of Bankruptcy Rule 9009.[31,32]

Because the IRS disclaimed any responsibility for adapting its National and Local Standards for use in bankruptcy cases, the UST stepped in to fill that void. By dividing the Housing and Utilities Standard into the two categories, which is reflected on Form 122C-2, and specifying deductible amounts for each category, the UST adapted the IRS Standards for

---

in a category that is not applicable to Debtor. Nevertheless, the Court will treat Debtor as having claimed the full amount of the IRS Local Standard for Housing and Utilities on Line 10 of Form 122C-2 instead of separately claiming deductions for "Insurance and Operating Expenses" and "Mortgage or Rent Expenses." That was Debtor's intention.

[29] Debtor argues, in the alternative, that if the Court rules otherwise, Debtor is entitled to a deduction under the Insurance and Operating Expenses category on Form 122C-2.

[30] Official Forms are entitled to a presumption of validity. *See In re Morgan*, 374 B.R. 353, 361 (Bankr. S.D. Fla. 2007) ("[T]he [Bankruptcy] Rules and the Official Forms share the presumption of validity.").

[31] *See In re Rajender*, No. 07-21945-A-13G, 2007 WL 2345018, at *1-*2 (Bankr. E.D. Cal. Aug. 7, 2007) (pointing out that Line 26 of Form 22C then in effect, which was similar to Line 10 of Form 122-C now in effect, allows debtor to contest how the UST divided the local standard for housing).

[32] To take the entire amount of the IRS Local Standard for Housing and Utilities, a debtor should leave blank the part of Form 122C-2 that divides the Housing and Utilities Standard into categories, and claim the entire amount of the Housing and Utilities Standard in Line 10. The explanation given in Line 10 for the additional claimed deduction would be that the debtor is entitled under the Bankruptcy Code to the full amount of the Local Housing and Utilities Standard issued by the IRS.

-17-

bankruptcy purposes.[33] The division into two categories appears designed to accomplish at least two objectives.

First, requiring the division of the Housing and Utilities Standard into separate categories, one for "Mortgage or Rent Expenses" and the other for "Insurance and Operating Expenses," prevents a debtor who does not have a mortgage or rent expense but who has other expenses within the Housing and Utilities Standard from taking the entire deduction for the Housing and Utilities Standard. By creating a category that isolates mortgage and rent expenses from other housing and utility expenses, it makes the mortgage and rent expenses category inapplicable to a debtor who does not have a mortgage or rent expense.[34]

This case illustrates the significance of the first objective. If Debtor could take the "Insurance and Operating Expenses" deduction but not the "Mortgage or Rent Expenses" deduction, Debtor would be required to make a meaningful payment to her unsecured nonpriority creditors instead of paying them nothing.[35]

Second, the division of the Housing and Utilities Standard on Form 122C-2 into two categories enables a debtor to take the standard deduction for Insurance and Operating Expenses regardless of the amount of the debtor's mortgage or rent expense. Form 122C-2 instructs the debtor to reduce the amount of the Mortgage or Rent Expenses deduction (but not the Insurance and Operating Expenses deduction) by the debtor's total average monthly payment "for all

---

[33]The categories for Housing and Utilities on Form 122C-2 differ from the IRS definitions. As stated above, the IRS defines "Housing" expenses to include not only mortgage payments but also "property taxes, necessary maintenance and repair, homeowner's or renter's insurance, homeowner dues and condominium fees." IRM, § 5.15.1.10(1) (updated 11-22-2021), https://www.irs.gov/irm/part5/irm_05-015-001. Form 122C-2, in contrast, isolates mortgage expenses from all other housing-related expenses.
[34] This concept is consistent with *Ransom*, which prohibits the standard deduction in a category in which the debtor has no expenses.
[35]Absent the mortgage expense deduction, Debtor would be required to pay $72,300 to her non-priority unsecured creditors over the life of her chapter 13 plan.

mortgages and other debts secured by [the debtors'] home," but not to an amount less than $0.

*See* Form 122C-2, Line 9b. This allows a debtor who has non-mortgage related housing expenses

to take the full Insurance and Operating Expenses deduction regardless of the amount of the

mortgage expense. If the Housing and Utilities Standard were not divided into categories, a

debtor's actual monthly home mortgage payments would be deducted from the amount of the

entire Housing and Utilities Standard, meaning if the debtor's monthly home mortgage expenses

exceeded the full amount of the Housing and Utilities Standard, the debtor would get no

deduction under Housing and Utilities Standard, although the debtor could still deduct the

monthly amount paid on the debtor's home mortgage from current monthly income.[36]

However, even though dividing the Housing and Utilities Standard into "Mortgage or

Rent Expenses" and "Insurance and Operating Expenses" with separate deductible limits for

each category may further an overarching policy underlying BAPCPA—requiring debtors to pay

unsecured creditors what they reasonably can afford to pay—it conflicts with

§ 707(b)(2)(A)(ii)(I) of the Bankruptcy Code, which requires above-median-income debtors to

use the applicable monthly expense amounts specified under the IRS National and Local

Standards. The IRS Local Standard for Housing and Utilities specifies "a single amount that is

inclusive of all housing expenses," *Currie*, 537 B.R. at 889, without breaking the amount down

into any categories.

The Court therefore holds that Debtor, who does not have a mortgage or rent expense but

does have cell phone and seasonal fuel expenses that fall within the IRS Local Housing and

Utilities Standard, is entitled to deduct from current monthly income the full amount of the IRS

---

[36] Line 33 of Form 122C-2 allows a debtor to claim an additional deduction for "debts secured by an interest in property that [the debtors] own, including home mortgages." *See also In re Hardacre*, 338 B.R. 718, 727 (Bankr. N.D. Tex. 2006) ("The effect of section 707(b)(2)(A)(ii)(I) is to permit the debtor to deduct the greater of her actual mortgage . . . or the amounts provided in the Local Standards.").

Local Housing and Utilities Standard. *See Currie*, 537 B.R. at 894 (concluding that the debtor could deduct the entire IRS Housing and Utilities Standard despite the fact that the debtor's only housing-related expenses were for insurance and property taxes associated with property that had no mortgage indebtedness).

The UST and the Rules Committee adapted the Housing and Utilities Standard for use in bankruptcy cases, and in doing so, made practical adjustments to effectuate bankruptcy policy. However, neither the UST nor the Rules Committee has the statutory authority to materially affect substantive rights under the Bankruptcy Code. The division of the IRS Local Standard for Housing and Utilities into two categories with separate deductible limits, if it had been mandated by use of Form 122C-2, would impermissibly and materially affect substantive rights.[37] The Rules Committee, by including Line 10 on Form 122C-2 (which allows a debtor who asserts the division of the Standard is incorrect to claim an additional deductible amount), recognized this limitation might apply.[38] If the division of the IRS Local Housing and Utilities Standard had been mandated by use of Form 122C-2, the substantive effect in Debtor's chapter 13 case would have been to increase Debtor's plan payments to non-priority unsecured creditors over the life of her plan by $72,300 because Debtor would not be allowed to take the Mortgage or Rent Expenses deduction for an expense she does not actually incur; whereas, by taking a deduction in the full amount of the IRS Local Housing and Utilities Standard in accordance with what the

---

[37] Just as Bankruptcy Rules cannot "effect substantive rights," *In re Cluff*, 313 B.R. 323, 332 (Bankr. D. Utah 2004), *aff'd sub nom. Cluff v. eCast Settlement,* No. 2:04-CV-978 TS, 2006 WL 2820005 (D. Utah Sept. 29, 2006), if there is a conflict between and Official Form and the Bankruptcy Code, the Bankruptcy Code controls. *In re Wiegand*, 386 B.R. 238, 241 (9th Cir. BAP 2008); *see also In re Anderson*, 383 B.R. 699, 703 n.8 (Bankr. S.D. Ohio 2008) ("[T]he Official Forms can never trump the language of the Code.").

[38] Official Forms must "be construed to be consistent with these rules and the Code." Fed.R.Bankr.P. 9009(c).

Bankruptcy Code permits, Debtor will not be required to pay anything to her non-priority unsecured creditors to satisfy the disposable income requirement under the Code.

CONCLUSION

The Court recognizes that allowing Debtor to deduct from current monthly income the full amount of the IRS Local Standard for Housing and Utilities when she does not actually incur any mortgage expenses might not be good bankruptcy policy. But the Court does not have discretion to deny the full deduction based solely on bankruptcy policy. The Bankruptcy Code entitles Debtor to deduct the full amount of the IRS Local Standard for Housing and Utilities from her current monthly income notwithstanding the fact that she has no mortgage expense because she does incur at least one expense covered by the Standard. As a result of this ruling, the Court will set a preliminary confirmation hearing so that the Trustee will have an opportunity to address her alternative objections to confirmation.[39]

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket:  December 7, 2023

---

[39] The Court expresses some skepticism about the Trustee's alternative objection that Debtor's current monthly income must be increased by the amount of her fiancé's mortgage expense. Section 101(10A)(A)(i) provides that current monthly income of an unmarried individual "includes any amount paid by any entity other than the debtor . . . on a regular basis for the *household expenses of the debtor or the debtor's dependents*." (emphasis added). The fiancé's mortgage expense does not appear to be an expense of the Debtor because the Debtor owns no interest in the home encumbered by the mortgage, has no liability on the mortgage, and does not pay any mortgage expenses. *See In re Toxvard*, 485 B.R. 423 (Bankr. D. Colo. 2013) (holding that mortgage payments made by debtor's non-filing spouse on a home he owned separately and for which only he was liable were not a household expense of the debtor); *In re Baker*, 580 B.R. 662 (Bankr. E.D. Va. 2017) (holding that the monthly mortgage payment made by debtor's non-filing spouse on property acquired pre-marriage is either not a "household expense" or is not an expense "of the debtor or the debtor's dependents").

-21-

COPY TO:

Jason Michael Cline
Attorney for Debtor
Jason Cline, LLC
2601 Wyoming Blvd. NE, Suite 108
Albuquerque, NM 87112

Tiffany M. Cornejo
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111